AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)          ☐ Original   ☐ Duplicate Original

| LODGED |
| CLERK, U.S. DISTRICT COURT |
| 4/29/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____ MMC _____ DEPUTY |

# UNITED STATES DISTRICT COURT

for the

Central District of California

| FILED |
| CLERK, U.S. DISTRICT COURT |
| 4/29/2025 |
| CENTRAL DISTRICT OF CALIFORNIA |
| BY: _____ jm __ DEPUTY |

United States of America,
Plaintiff,

v.

ROBERTO CARLOS CASTRO,
Defendant.

Case No.   2:25-MJ-02558-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Adam Parada, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of February 7, 2025, in the county of Los Angeles in the Central District of California, the defendant violated:

| *Code Section* | *Offense Description* |
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
/s/
*Complainant's signature*

Adam Parada, Deportation Officer
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone. Date: 04/29/2025 at 4:18 p.m.

_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Michael B. Kaufman, U.S. Magistrate Judge
*Printed name and title*

AUSA: MiRi Song (x12262)

## AFFIDAVIT

I, Adam Parada, being duly sworn, declare and state as follows:

## I.  PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint against and arrest warrant for ROBERTO CARLOS CASTRO ("defendant"), charging him with violating Title 8, United States Code, Sections 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3.    I am a Special Agent ("SA") with United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI").  I have been an SA with HSI since November 2021.  My duties involve conducting and participating in criminal investigations of individuals and businesses for possible criminal violations of Titles 8, 18, 19, and 21 of the United States Code.  During my employment with HSI, I have participated in multiple investigations in partnership with

Immigration and Customs Enforcement ("ICE") regarding violations
of immigration law under Title 8 of the United States Code.

4.    Prior to HSI, I worked for the United States Secret
Service (the "Secret Service"), Uniformed Division, for four
years as a Uniformed Division Officer.  My duties consisted of
patrolling areas within the District of Columbia and providing
presidential protection.  Before working for the Secret Service,
I earned a bachelor's degree in criminal justice with a minor in
Homeland Security from Marymount California University.

5.    In March 2023, I graduated from the Criminal
Investigator Training Program at the Federal Law Enforcement
Training Center in Glynco, Georgia.  During this training
program, I completed approximately 350 hours of instruction,
including classes involving the study of constitutional law,
search and seizure, surveillance, and a variety of other law
enforcement related topics.  In June 2023, I graduated from the
Homeland Security Investigations Special Agent Training program
at the Federal Law Enforcement Training Center in Glynco,
Georgia.  During this training, I completed approximately 350
hours of training in the following subject matter areas:
immigration law, customs laws, money laundering, search and
investigative techniques, human trafficking and human smuggling,
contraband investigations, and other program areas for which HSI
bears responsibility.

### III. <u>STATEMENT OF PROBABLE CAUSE</u>

6.    On or about February 7, 2025, the ICE Pacific
Enforcement Response Center ("PERC") received an electronic

notification based on biometric fingerprint information that defendant was released from Los Angeles Police Department ("LAPD") custody.  LAPD arrested defendant for DUI Alcohol on February 6, 2025.  Defendant's fingerprints were electronically submitted to the Department of Justice, National Crime Information Center/ Next Generation Identification System and DHS/ICE databases.  Upon further investigation, it was determined that defendant is subject to an ICE enforcement action.

7.   I know from my training and experience that when PERC receives an electronic notification based on biometric fingerprint information it means that the fingerprints of the subject in local custody match the fingerprints contained in that subject's DHS files.  As such, I believe defendant is the same person who is the subject of the files contained in the computer indices discussed below.

8.   Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former Immigration and Naturalization Service, or is granted permission to enter or re-enter the United States.  On or about April 24, 2025, I reviewed the printouts of ICE computer indices for defendant and learned the following:

      a.   Defendant is a citizen of El Salvador.

3

b.    Defendant had four Reinstatements of Deport and one Administrative Deportation (I-851/I-851A) orders from October 14, 2009, to November 22, 2019.

c.    On December 11, 2019, a Texas Immigration Judge ordered defendant be removed.  On January 9, 2020, defendant was deported back to El Salvador.

d.    Defendant was previously removed and deported back to El Salvador on November 22, 2017, via a Reinstatement Order that was issued on October 29, 2017.

e.    Defendant had not applied for or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

9.    I have also reviewed a computerized printout of defendant's criminal history, which indicated that defendant was previously convicted of at least one of the following: Vandalism, in violation of California Penal Code ("PC") Section 594(A), on April 11, 2007; Felon in Possession of a Firearm, in violation of PC Section 12021(A)(1), on February 8, 2008; Robbery, in violation of PC 211, on January 23, 2012; Second Degree Robbery, in violation of PC 211, on January 20, 2024; and Improper Entry by Alien, in violation of 8 U.S.C. § 1325, on January 25, 2010.

10.    Defendant is believed to be a Sureños gang member with the alias "Maldito," and bears affiliated tattoos that have been documented by law enforcement.  As early as 2004, defendant was arrested, detained, and cited for a violation of California

Penal Code Section 12025(b)(3) with a notation for "CRIM STREET GANG: ACTIVE."

11.  On or about April 29, 2025, HSI special agents conducted surveillance at defendant's listed address in Los Angeles, CA.  At approximately 6:50 a.m., HSI special agents spotted defendant leaving his residence.

### IV. CONCLUSION

12.  For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a), (b)(1), Illegal Alien Found in the United States Following Deportation.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 29th day of
April 2025 at 4:18 p.m.

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

5